**Jesus CASTENEDA–RIVERA, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–73379.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted May 25, 2010.*
Filed June 8, 2010.

Arnold S. Jaffe, Law Office of Arnold S. Jaffe, Santa Barbara, CA, for Petitioner.

Lance Lomond Jolley, Esquire, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Jesus Casteneda–Rivera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen to apply for adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part, dismiss in part and grant in part the petition for review.

The BIA did not abuse its discretion in denying Casteneda–Rivera's motion as untimely where the motion was filed more than five months after the BIA's final administrative order. See 8 C.F.R. § 1003.2(c)(2); see Lara–Torres v. Ashcroft, 383 F.3d 968, 972 (9th Cir.2004) (holding that BIA denials of motions to reopen are reviewed for abuse of discretion), amended by 404 F.3d 1105 (9th Cir. 2005).

We lack jurisdiction to review Casteneda–Rivera's equitable tolling contention because he failed to exhaust this claim before the agency. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).

We agree with Casteneda–Rivera that at the time of this court's March 13, 2008, order, his voluntary departure period had not expired. We therefore vacate the order to the extent that it denied his motion to stay his voluntary departure period, and we remand for the BIA to address in the

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

first instance whether *Dada v. Mukasey*, 554 U.S. 1, 128 S.Ct. 2307, 171 L.Ed.2d 178 (2008), applies to the circumstances of this case. *See Nevarez Nevarez v. Holder*, 572 F.3d 605, 608–10 (9th Cir.2009) (remanding for the BIA to address in the first instance whether *Dada* applies retroactively to aliens whose voluntary departure had been automatically stayed during the pendency of their motions to reopen).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**